**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Richard L. Adame,            )<br>                                    )<br>       Plaintiff,                )<br>                                    )<br>vs.                              )<br>                                    )<br>Federal Home Loan Mortgage)<br>Corporation; JPMorgan Chase Bank, )<br>                                    )<br>       Defendants.              )<br>_____) | No. CV-11-8054-PCT-FJM<br><br>**ORDER** |

The court has before it defendant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion to dismiss (doc. 7), plaintiff's response (doc. 10), and Freddie Mac's reply (doc. 11). Plaintiff owned real property in Mohave County, subject to a note and deed of trust in favor of JPMorgan Chase Bank ("Chase"). Plaintiff entered into a forbearance agreement with Chase pursuant to which Chase agreed to delay foreclosure so long as plaintiff made timely payments. Plaintiff claims that the property was sold, in violation of the forbearance agreement, by a trustee's sale on July 28, 2010, and the property was transferred by trustee's deed to Freddie Mac. Plaintiff now seeks to have the trustee's deed issued to Freddie Mac canceled, or alternatively, seeks an award of damages and/or specific performance of his contract with Chase.

Freddie Mac moves to dismiss the complaint for failing to state a claim upon which

1  relief can be granted. Fed. R. Civ. P. 12(b)(6). To satisfy Rule 8, a plaintiff must plead "a
2  short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ.
3  P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state
4  a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
5  (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is
6  plausible "when the plaintiff pleads factual content that allows the court to draw the
7  reasonable inference that the defendant is liable for the misconduct alleged." Id. A dismissal
8  for failure to state a claim can be based on either "the lack of a cognizable legal theory or the
9  absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica
10 Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

11      Plaintiff's claims of fraud (Count 1) and misrepresentation (Count 3) against Freddie
12 Mac must be pled with particularity. Fed. R. Civ. P. 9(b). A plaintiff must state the "time,
13 place, and specific content of the false representations as well as the identities of the parties
14 to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).
15 All of the allegations of fraud and misrepresentation are leveled against Chase, not Freddie
16 Mac. Underlying plaintiff's claims against Freddie Mac is the argument that "the actions of
17 Chase and Freddie Mac are in effect one in the same." Response at 3. This is a legal
18 conclusion, however, and no facts are pled to support it. Therefore, plaintiff has failed to
19 state any claim of fraud or misrepresentation against Freddie Mac. We grant Freddie Mac's
20 motion to dismiss Counts 1 and 3.

21      Plaintiff's claim of "reckless disregard" in Count 2 does not assert an independent
22 cause of action and again implicates Chase, not Freddie Mac. Count 2 is dismissed as to
23 Freddie Mac.

24      Plaintiff asserts a breach of contract claim in Count 4. However, plaintiff does not
25 allege that he had any contract with Freddie Mac. Freddie Mac's motion to dismiss Count
26 4 is granted.

27      Plaintiff asserts a claim of estoppel in Count 5. In order to establish equitable
28 estoppel, a plaintiff must show: (1) the party to be estopped committed acts inconsistent with

1  its current position, (2) reliance by the other party, and (3) injury by repudiation of the prior
2  conduct. Valencia Energy Co. v. Ariz. Dep't of Rev., 191 Ariz. 565, 576-77, 959 P.2d 1256,
3  1267-68 (1998). Estoppel is asserted against Freddie Mac solely because it is successor
4  interest to Chase. Plaintiff fails to assert any allegations to support estoppel against Freddie
5  Mac. Count 5 is dismissed as against Freddie Mac.

6  Finally, plaintiff asserts a quiet title claim in Count 6. He argues that the trustee's sale
7  should be set aside and title quieted in his favor. First, no mention of Freddie Mac is made
8  in Count 6. Even if plaintiff had intended to assert a quiet title claim against Freddie Mac,
9  it would fail because the trustee's sale has already occurred. "Because the property has
10 already been sold, quiet title is no longer an appropriate action to seek to undo the
11 foreclosure." Salazar v. Lehman Bros. Bank, No. CV-10-0099, 2010 WL 3998047, *6 (D.
12 Ariz. Oct. 12, 2010). Therefore, quiet title is not an available remedy. Count 6 is dismissed.

13 **IT IS ORDERED GRANTING** Freddie Mac's motion to dismiss the complaint as
14 to Freddie Mac (doc. 7).

15 DATED this 15th day of June, 2011.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 3 -